Pearson, J,
 

 The defendant relied on the plea of set off, and to prove his account produced his books and “ took the book debt oath and stated that he had given all just credits to the plaintiff and there was nothing due to him.” The only item in the defendant’s account, sold and delivered within two years before the commencement of the action, was a sheep skin, at the price of one dollar twelve- and-a-half cents; the other items charged to the plaintiff appeared, by the book, to be of more than two year’s standing.
 

 The Court charged that the jury had a right (if they believed the defendant) to take his oath and book, not only as evidence of a set off as to the sheepskin;
 
 but also as evidence of the true state of the account between the parties.
 
 To this the plaintiff
 
 excepts.
 
 There is error. The “book debt ” act provides, that if certain conditions precedent are complied with the “ book and oath ” shall be received as good evidence for the
 
 small articles
 
 so proved to be de
 
 *462
 
 livered within two years before action brought, but not for any article of longer standing.
 

 Among the conditions precedent, is an oath, that the book contains a true account of all the dealings, and that all just credits have been given.
 

 This is a restriction upon the right of the party to prove his account, in reference to the articles sold and delivered, by his book and oath, and cannot, by any fair construction, be made to confer an additional right, if proven by his book and oath, that nothing is due to the other party, and of disproving all of his claim, except such items as are stated in the book, upon the ground that it contains all just credits; and consequently sets forth all the amount to which the opposite party is indebted. How a provision, in restraint of and as a condition precedent to a right, can have the effect of enlarging that right, it is difficult to conceive.
 

 The idea, that the book and oath are not only evidence for the several articles so proven to be delivered within two years, but is also evidence in reference to the amount of the claim due to the other party, and of the true state of the account .between the parties, is evidently not expressed by the words of 'the act, and, very clearly, does not come within its meaning.
 

 Per Curiam. Judgment reversed and
 
 venire de nova
 
 awarded.